**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

|  |  |
|---|---|
| LEAH LEVINGER,                 Plaintiff, <br><br> v. <br><br> CLAUDIA MORELL, MARIA ZAUMIDO, ALEX KEEFE, and WBEZ a.k.a. CHICAGO PUBLIC MEDIA, INC., <br><br>                Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 1:20-cv-07292 <br> ) <br> ) Judge Robert M. Dow, Jr. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants WBEZ, Claudia Morell, Maria Zamudio, and Alex Keefe (collectively, "WBEZ"), hereby move this Court for a stay of discovery in this case, as well as a stay of the parties' obligations under Federal Rule of Civil Procedure 26, pending this Court's ruling on WBEZ's forthcoming motion for sanctions pursuant to Federal Rule of Civil Procedure 11(C)(2).[1] WBEZ's forthcoming motion for sanctions requests dismissal of Plaintiff Leah Levinger's complaint with prejudice. In the alternative, WBEZ respectfully requests that this Court stay discovery until this Court can set a status hearing on WBEZ's motion for sanctions. In support of this instant motion, WBEZ states the following:

### ARGUMENT

This Court has extremely broad discretion in controlling discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). This includes the discretion to limit the scope

---

[1] Counsel for WBEZ conferred with Plaintiff Leah Levinger via email to determine if she opposed the relief sought by this motion. On September 21, 2021, Ms. Levinger informed counsel for Defendants that she opposed WBEZ's request to stay discovery.

1

of discovery or control its sequence. Fed. R. Civ. P 26(c), (d). Motions to stay discovery are appropriate where, like here, a forthcoming motion can resolve the case. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005); *Sadler as Tr. Of Larry R. Sadler Irrevocable Tr. v. Retail Props/ of Am. Inc.*, No. 12 C 5582, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (granting stay where motions to dismiss were not frivolous and were potentially dispositive, noting that granting the motions could end or significantly reduce the case.) In determining whether to grant a stay of discovery, judges in this district often consider "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

On August 23, 2021, this Court issued an Order granting in part and denying in part WBEZ's motion to dismiss. After identifying deficiencies in Ms. Levinger's complaint, this Court ordered Ms. Levinger to either amend her complaint or inform the court that she would stand on her complaint as filed. The Court's order further provided that the Parties needed to file a joint status report within 7 days of Plaintiff's filing, including a discovery plan. Absent the Court granting the relief sought by this motion, the discovery plan would be due within 7 days.

On September 3, 2021, and consistent with Rule 11(C)(2), WBEZ served Ms. Levinger with a Rule 11 letter and a copy of a motion for sanctions requesting that Ms. Levinger voluntarily dismiss her complaint. WBEZ's letter and motion identified several emails from Ms. Levinger and a recorded audio interview of Ms. Levinger establishing the substantial truth of the purportedly defamatory statements in WBEZ's article and that Ms. Levinger herself was a source for the reporting.

WBEZ informed Ms. Levinger that her complaint did not conform to her Rule 11 obligations which require a certification that to the best of a person's knowledge, "the factual contentions [in the complaint] have evidentiary support or. . . will have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Rule 11(C)(2) dictates that parties cannot file any motion for sanctions until 21 days after service of the motion. Because WBEZ served Ms. Levinger with a copy of its motion for sanctions on September 3, 2021, it cannot file their motion until September 24, 2021.

Rather than respond to WBEZ's Rule 11 letter, Ms. Levinger supplemented her complaint on September 20, 2021. Her supplemental filing did not correct any of the deficiencies this Court identified in its August 23 Order or the deficiencies identified in WBEZ's Rule 11 letter.

WBEZ is in the process of updating its motion for sanctions to account for Ms. Levinger's supplemental filing and intends on filing their motion for sanctions on Friday, September 24, 2021.[2] Because of Ms. Levinger's flagrant violations of her Rule 11 obligations, WBEZ's motion for sanctions requests that this Court dismiss Ms. Levinger's complaint with prejudice.

In light of the relief WBEZ requests in its motion for sanctions, WBEZ moves this court stay discovery until that motion is resolved. The factors this Court is to consider in determining whether to stay discovery all favor WBEZ. First, Ms. Levinger will not be prejudiced by a stay. *Sadler,* 2013 WL 12333447 at *1 (noting that there is no prejudice where potential documents may be obtained at a later date, if necessary and permissible). Second, if this Court grants WBEZ's motion for sanctions, this case will either be terminated or its scope will be substantially limited.

---

[2] Counsel for WBEZ is currently investigating whether they need to give an additional 21 day safe harbor period in light of Ms. Levinger's supplemental filing. If it turns out that WBEZ believe they cannot file on September 24, 2021, they will so advise the Court of the date on which they intend to file their motion if Ms. Levinger does not withdraw her pleadings.

*Id.* Finally, in the absence of a stay, the parties will be required to expend substantial time and resources in discovery related to a deficient complaint, as demonstrated by WBEZ's forthcoming motion. *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court stay discovery, including the requirement that the Parties file a discovery plan, pending this Court's ruling on WBEZ's forthcoming motion for sanctions. In the alternative, WBEZ respectfully requests that this Court stay discovery, including the submission of a discovery plan, until this Court can set a status hearing to address the issues raised by WBEZ's motion for sanctions.

    Respectfully submitted,

    CLAUDIA MORELL, MARIA ZAMUDIO, ALEX KEEFE, and WBEZ, a.k.a. CHICAGO PUBLIC MEDIA, INC.

    By: /s Jason M. Bradford
         One of Their Attorneys

Jason M. Bradford
William L. Von Hoene
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

**CERTIFICATE OF SERVICE**

    I, William L. Von Hoene, an attorney, hereby certify that I caused a copy of the foregoing **Defendants' Motion to Stay Discovery** and the accompanying **Notice of Motion** to be served on Plaintiff Leah Levinger by electronic mail, secure file transfer, and UPS on September 21, 2021:

/s/ *William L. Von Hoene*