IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEAH LEVINGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-07292 ) ) Judge Robert M. Dow, Jr. |
| CLAUDIA MORELL, MARIA ZAMUDIO, ALEX KEEFE, and WBEZ a.k.a. CHICAGO PUBLIC MEDIA, INC., | ) ) ) ) |
| Defendants. | ) ) |

**JOINT STATUS REPORT**

Pursuant to this Court's August 23, 2021, Order (Filing No. 27), Plaintiff Leah Levinger and Defendants Claudia Morell, Maria Zamudio, Alex Keefe, and WBEZ a.k.a. Chicago Public Media, Inc. (collectively, "WBEZ") submit this report:

1. **Nature of the Case**

Plaintiff Leah Levinger is a *pro se* plaintiff. WBEZ is represented by Jason M. Bradford and William L. Von Hoene, attorneys at Jenner & Block LLP.

All Defendants have been served.

Federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. Ms. Levinger is a citizen of Connecticut; WBEZ are citizens of Illinois. Ms. Levinger seeks $225,000 in damages and $100,000 in punitive damages.

Ms. Levinger brings three defamation claims against WBEZ in connection with a news article WBEZ published in December 2019 ("December 2019 Article"). Ms. Levinger asserts that several statements in the December 2019 Article are defamatory; WBEZ argues that all of the

1

statements in the article are, at a minimum, substantially true and therefore not defamatory. Ms. Levinger contends the contested statements are neither true nor substantially true. In addition to the damages she seeks, Ms. Levinger asks for an injunction requiring WBEZ to remove the December 2019 Article from WBEZ's website.

The parties have not consented to proceed before a magistrate judge.

**2. Factual and Legal Issues**

The major legal and factual issues in the case center on whether the statements in the article are substantially true and therefore not defamatory.

**3. Motion Practice to Date and Anticipated Motions**

On February 1, 2021, WBEZ filed a motion to dismiss, arguing, among other things, that all of the statements in the December 2019 Article are, at a minimum, substantially true. On August 23, 2021, this Court granted in part and denied in part WBEZ's motion to dismiss, finding that Ms. Levinger's allegations, if taken as true, were sufficient to state a claim. This Court also ordered that by September 20, 2021, Ms. Levinger was to either amend her complaint or declare that she was standing on her complaint as filed.

On September 3, WBEZ served Ms. Levinger with a Rule 11 motion for sanctions and a safe harbor letter pursuant to Federal Rule of Civil Procedure 11(c)(2). WBEZ asked Ms. Levinger to voluntarily dismiss her complaint, arguing that evidence demonstrates that the statements that serve as the basis of her complaint are substantially true and that there is no evidentiary basis for her complaint. Ms. Levinger did not respond to WBEZ's safe harbor letter.

On September 20, 2021, Ms. Levinger filed a Supplemental Pleading pursuant to the Court's leave under Federal Rule of Civil Procedure 15, to clarify arguments she made in opposition to WBEZ's motion to dismiss. Ms. Levinger states the Supplemental Pleading is meant

to augment her complaint. WBEZ notes that the Supplemental Pleading also seems to seek reconsideration of certain dismissed statements.

On September 21, 2021, WBEZ filed a motion to stay discovery pending resolution of a motion for sanctions WBEZ indicated it would file on September 24, 2021. On September 22, 2021, Ms. Levinger filed a motion opposing WBEZ's motion to stay discovery. In her motion, Ms. Levinger contends that Defendants have no legal basis to pursue sanctions and requests that the Court ask Defendants to follow the traditional procedure by which Defendants typically present their interpretation of evidence, by filing an Answer to Plaintiff's Complaint.

WBEZ disagrees with Ms. Levinger's characterization of the "traditional procedure" for litigation and the purpose of filing an Answer. On September 23, 2021, this Court took these discovery motions under advisement.

On September 24, 2021, WBEZ filed its motion for sanctions against Ms. Levinger. As of the date of this filing, no briefing schedule or hearing has been set.

### 4. Settlement Discussions to Date and Settlement Potential

The parties have not engaged in any settlement discussions. It is unlikely that the parties will settle this suit in the near-term.

### 5. Discovery Taken to Date and Discovery Anticipated in the Future

To date, the parties have not taken or exchanged any discovery. The parties also have not had the opportunity to engage in discussions for the purpose of developing a discovery plan.

WBEZ anticipates taking multiple depositions, including depositions of Ms. Levinger and Alderman Byron Sigcho-Lopez, and seeking documents from Ms. Levinger related to any and all of her discussions and communications—email, telephonic, and paper—related to the subject

matter of the December 2019 Article. WBEZ anticipates that Ms. Levinger's discovery requests may require extensive litigation of issues related to various reporting privileges.

Ms. Levinger states that the first stage of discovery will focus on identifying whether there were, in fact, any residents or voters of Barbara Jean Wright Courts who made allegations of any form of misconduct against any party. Ms. Levinger anticipates deposing Maria Zamudio and Claudia Morell, and their respective editors. As a preliminary matter, Ms. Levinger will request documents—email, telephonic, and paper- related to any investigations WBEZ staff or affiliates conducted to inform the content of their 12/11/19 article, and attempt to identify who, if anyone, was the original person making the allegations that form the basis for Defendants' accusations against Plaintiff. Ms. Levinger also anticipates deposing now-indicted Aldermanic Candidate Alex Acevedo to better understand his involvement in the production of these falsehoods.

WBEZ does not agree that Ms. Levinger's discovery is permissible, in part, because WBEZ asserts that the discovery Ms. Levinger seeks is privileged under the Illinois Reporters Privilege Act. WBEZ also disputes that it made any accusation against Ms. Levinger as part of its reporting.

6. **Potential Motions to be Filed**

As described above, WBEZ's motion for sanctions is currently pending. WBEZ and Ms. Levinger's discovery motions are also currently pending.

WBEZ anticipates that it will file a motion for summary judgment if this case proceeds through discovery. Ms. Levinger anticipates that there will continue to be too many contested facts, each integral to a just adjudication, for this matter to be disposed of through summary judgment.

Filed September 27, 2021

Respectfully submitted,

By: /s Jason M. Bradford
Jason M. Bradford
William L. Von Hoene
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

*Counsel for Defendants*

By: /s Leah Levinger
Leah Levinger
95 Fountain Road #3154
New Haven, CT 06515
(773) 787-6875

*Pro Se Plaintiff*